UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE PEREZ,<br><br>  Petitioner,<br><br>    v.<br><br>GENA JONES,<br><br>  Respondent. | 1:24-cv-01474-JLT-SKO (HC)<br><br>ORDER GRANTING MOTION FOR STAY AND ABEYANCE [Doc. 16]<br><br>ORDER MODIFYING APPOINTMENT ORDERS TO APPOINT COUNSEL UNDER THE CJA PROGRAM [Docs. 9, 10, 12]<br><br>[SIXTY DAY DEADLINE] |

Petitioner is a state prisoner proceeding with appointed counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was transferred to this Court from the Sacramento Division on December 4, 2024, because Petitioner is challenging a conviction from Kings County. The operative pleading is Petitioner's First Amended Petition filed on November 8, 2023. (Doc. 13.) Pending before the Court are Petitioner's motion to stay proceedings and motion to modify Counsel's appointment orders. (Doc. 16.)

**DISCUSSION**

I.   Motion for Stay and Abeyance

A district court has discretion to stay a mixed petition and allow the petitioner to return to state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269, 277 (2005). This discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Id. at 277. In

light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

The Court finds good cause to grant the motion for stay because the unexhausted claims appear to be potentially meritorious and there is no indication Petitioner has engaged in dilatory tactics. Petitioner seeks to return to state court to exhaust five newly discovered claims (Grounds Two through Six). The pleadings and exhibits indicate Petitioner suffers from a learning disability as well as mental health disorders. For this reason, the Court appointed Meredith Fahn of the Office of the Federal Defender as counsel for Petitioner for the limited purpose of reviewing the case and preparing the First Amended Petition. (Docs. 9, 10.) Upon review of the case, Counsel discovered the five additional claims and filed the amended petition in advance of the statute of limitations deadline. Counsel states she also attempted to file a state habeas petition concurrently with the First Amended Petition. Accordingly, the Court finds that Petitioner has shown good cause for a stay of the proceedings and will grant his motion for stay.

II.     Motion to Modify Appointment Order

Counsel was initially appointed on a limited basis, set to terminate with the filing of an amended petition. The appointment was then modified to expire with the filing of a motion to amend and a proposed second amended petition. (Doc. 12.) Upon full investigation of the case, Counsel determined that preparation of a second amended petition was not appropriate at this time, and the case should instead be held in abeyance pending exhaustion of Petitioner's five unexhausted claims. As discussed above, the Court will grant the motion for stay to enable Petitioner to return to state court to exhaust his claims.

Counsel requests that the appointment orders be modified to full representation of Petitioner. Counsel states the case is particularly complex given the nature of the claims, Petitioner's related mental health issues, and the voluminous exhibits (57,980+ pages). Counsel also states she has experienced difficulties in filing the state petition in the Kings County Superior Court. When Counsel provided the Superior Court with thumb drives containing the 57,980+ pages of exhibits in .pdf form, the Superior Court rejected the filing and directed Counsel to file the documents in paper form. Given

Petitioner's mental health issues and learning disabilities, the complexity of the case, and Petitioner' indigence, it would likely be near impossible for him to properly pursue his state habeas remedies without assistance. Accordingly, the Court will appoint Counsel under the CJA program for full federal habeas corpus representation of Petitioner.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Petitioner's motion for stay is GRANTED;

2) The Court MODIFIES its appointment of counsel by expanding its limited appointment orders (Docs. 9, 10, 12) to provide Petitioner with full federal habeas corpus representation under the CJA program; and

3) Petitioner is DIRECTED to file a status report within 60 days of the date of service of this Order, and every 60 days thereafter.  Following final action by the California Supreme Court, Petitioner is DIRECTED to notify the Court by filing a motion to lift the stay within 30 days of the date of the California Supreme Court's decision.

IT IS SO ORDERED.

Dated:   **December 9, 2024**             /s/ *Sheila K. Oberto*
                                                                  UNITED STATES MAGISTRATE JUDGE